HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE THE APPLICATION OF AIMEE KIDOGI BIKUNDWA, <br><br> Petitioner, <br><br> v. <br><br> SCHADRACK RUYENZI, <br><br> Respondent. | CASE NO. 2:22-cv-01604 <br><br> ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Legal Fees and Non-Taxable Costs and Application for Reimbursement of Travel Costs ("Motion"). Dkt. # 21. Petitioner Aimee Kidogi Bikundwa ("Petitioner"), by and through counsel, seeks attorney's fees and travel costs pursuant to this Court's December 21, 2022 Order, Dkt # 17, and 22 U.S.C. 9007(b)(3). For the reasons set forth below, the Court **GRANTS** the Motion and awards Petitioner attorney's fees and costs in the amount of $14,078.11 and travel costs in the amount of $4,778.72.

## II.     BACKGROUND

This case concerns Petitioner Aimee Bikundwa ("Petitioner"), Respondent Schadrack Ruyenzi ("Respondent"), and their minor children N.R. and S.R. The parties were married in Rwanda in 2006 and moved to Belgium later that year. N.R. and S.R. wee born in Belgium and lived there from birth to July 2022. The parties divorced in 2012 while living in Belgium. Pursuant to a March 29, 2012 divorce and custody order issued by the Court of First Instance of Nivelles in Brussels, Belgium, Petitioner was granted primary custody of N.R. and S.R., with Respondent having visitation every other weekend and half of school vacations.

After the parties divorced, Respondent moved to the Seattle area. On July 5, 2022, N.R. and S.R. traveled from Belgium to Washington in order to visit with Respondent for several weeks. Upon the children's arrival in Washington, Respondent contacted Petitioner to let her know that the children arrived safely. This visit was conducted in accordance with the provisions of the parties' Belgian custody order, and Petitioner remained in contact with the children throughout the visit. N.R. and S.R were due to return to Belgium on August 16, 2022, and the children's return airfare had already been purchased. However, N.R. and S.R. did not return to Belgium as planned and instead, Respondent kept both children in his custody here in the United States. At the time, Respondent did not communicate with Petitioner regarding his decision to keep the children in the United States. Petitioner contacted N.R. and S.R. and learned that Respondent had refused to take the children to the airport. The day after Respondent failed to return the children to Belgium, Petitioner filed a child abduction complaint with Belgian authorities and sought legal counsel.

On November 9, 2022, Petitioner filed a Petition for Return of the Child to the State of Habitual Residence ("Petition") alleging that Respondent wrongfully removed the minor children from Belgium in violation of the Hague Convention of the Civil Aspects of International Child Abduction ("Hague Convention"). Dkt. ## 1, 2. This Court

conducted a hearing on the Petition on December 21, 2022 where both Petitioner and Respondent appeared in person, and Petitioner was represented by counsel. Petitioner, Respondent, and the minor children S.R. and N.R. gave testimony to this Court.

On December 21, 2022, this Court entered an Order granting the Petition. Dkt. # 17. The Court ordered that S.R. and N.R were to be returned to Belgium in the custody of Petitioner and ordered Respondent to deliver the children's belongings to the office of Petitioner's counsel by 5:00 p.m. on that day. Additionally, the Court found that Respondent had not established that it would be "clearly inappropriate" for him to pay the costs associated with the children's return to Belgium under 22 U.S.C. § 9007(b)(3) and ordered Respondent to bear the costs of transportation required to return the children to Belgium. Further, the Court ordered that any motion for attorney's fees should be filed by Petitioner within 15 days of the Order and provided that the Respondent could file objections or otherwise respond as allowed by applicable law.

Petitioner timely filed the instant motion for fees and costs. Dkt. # 21. Petitioner's counsel states that in the event fees and costs are not awarded or only partially awarded, Petitioner will not be charged for any unreimbursed costs. Dkt. # 21 at 3. On December 27, 2022, Respondent filed a notice of appeal to the Ninth Circuit. Dkt. # 19. Respondent's appeal remains pending. To date, Respondent has not responded or objected to Petitioner's motion for fees.

### III.   DISCUSSION

**a.) Legal Standard**

Congress has provided that "[a]ny court ordering the return of a child pursuant to an action … shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees … and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). Such awards are granted following the wrongful removal of a child in order "to restore a petitioner to the financial position he or

she would have been in had there been no removal or retention, as well as to deter violations of the Hague Convention." *Aguilera v. DeLara*, No. CV–14–01209–PHX–DGC, 2014 WL 4204947, *1 (D. Ariz. Aug. 25, 2014). "An award of attorneys' fees and costs is 'appropriate' when the case is not a 'difficult' one and 'falls squarely within the heartland of the Hague Convention." *Stovall v. Gallegos*, No. 3:15-CV-01328-BR, 2016 WL 164897, *4 (D. Or. April 26, 2016) (citing *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010)). Such is the case here, where Petitioner established by preponderance of the evidence that Respondent's removal and retention of the children was wrongful under the Hague Convention, Dkt. # 17 at 6, and Respondent failed to show that an exception to the Convention's mandate of return applied. *Id.* at 8.

**b.) Transportation Costs**

In its Order, this Court found that Respondent did not establish that it would be "clearly inappropriate" for him to pay the costs associated with the children's return to Belgium under 22 U.S.C. §9007(b)(3), Dkt. # 17 at 9, and Respondent has made no attempt to convince the Court otherwise. *See Aguilera*, 2014 WL 4204947, at *1 ("The Respondent bears the burden of establishing that an award of fees and costs would be clearly inappropriate under the circumstances.")

Petitioner states that she incurred $4,530.12 in transportation costs to return herself and the minor children to Belgium. Dkt. # 22, ¶ 12. Further, Petitioner spent $248.60 for accommodations and food for herself and the children while in Seattle for the hearing. *Id.* at ¶ 13-14. The Court finds these expenses incurred by Petitioner to be reasonable and related to the return of the minor children to Belgium; in other words, "necessary expenses incurred by or on behalf of the petitioner." 22 U.S.C. § 9007(b)(3); *see also Cuellar*, 603 F.3d at 1143-1144 (awarding reasonable transportation and lodging expenses incurred in order for the petitioner and her attorney to attend oral argument and mediation).

### c.) Attorney's Fees and Litigation Costs

Lead counsel Daniel Hagen spent 14.8 hours on this matter at an hourly rate of $290. Dkt. # 22, Ex. A. Associates Joshua Rosenberg and Maria Y. Hodgins spent a total of 7.1 hours on this matter, billing at a rate of $325 and $275 per hour, respectively. *Id.* Petitioner's counsel states that shareholder J. Dino Vasquez worked on this case for over ten hours but did not bill his time. Additionally, paralegals Kami Paine and Anna Sier billed 24.5 hours at $275 per hour and $245 per hour, respectively. *Id.* Petitioner additionally incurred $850.11 in fees related to filing and litigating this action. *Id.*

"A reasonable attorney's fee provided for by statue should compensate the work of paralegals, as well as that of attorneys." *Kulapala v. Delgoda*, No. 3:15-cv-01890-BR, 2016 WL 1618285, at *1 (quoting *Trustees of Constr. Indus. and Laborers Health and Welfare Tr. V. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006)). After reviewing counsel's invoice summary, the Court concludes that the hours expended and hourly rates of attorneys and paralegals and the legal fees incurred by Petitioner in the course of this litigation, which are unchallenged by Respondent, are reasonable.

Further, the fact that Petitioner's attorneys have provided their services pro bono does not "make a fee award inappropriate." *Cuellar*, 603 F.3d at 1143. "Fee awards serve in part to deter frivolous litigation, and denying fees in this case would encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel." *Id.* Crucially, to deny fees to pro bono counsel would "discourage pro bono representation and undermine the Convention's policy of effective and speedy return of abducted children." *Id.* Upholding such a policy is especially important here, where the Petitioner—a nursing home worker—is of limited means and was required to spend significant financial resources to obtain a visa and travel to the United States to attend the evidentiary hearing and return the children to Belgium. *See* Dkt. # 13 at 2.

### IV. CONCLUSION

Considering the relevant factors, the Court finds it appropriate to consider the pending attorney's fees motion on the merits, enter the supplemental judgment on fees, and stay the judgment until after the Ninth Circuit resolves Respondent's pending appeal.

For the foregoing reasons, the Court **GRANTS** the Petitioner's Motion for Legal Fees and Nontaxable Costs (Dkt. # 21). The Court **AWARDS** to Petitioner attorney's fees and litigation costs in the amount of $14,078.11 and travel-related costs in the amount of $4,778.72.

DATED this 6th day of February, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge